PREET BHARARA
United States Attorney for the
Southern District of New York
By: CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786
E-mail: christopher.connolly@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
                                                                    :
RESIDENTS FOR SANE TRASH SOLUTIONS, INC., :
CONGRESSWOMAN CAROLYN B. MALONEY,                                   :
JED H. GARFIELD, ELLIOT MERBERG, LEANNE                             :
MOORE, PHILIP OPHER, LORRAINE JOHNSON,                              :
HAROLD S. POSTER and SUSAN J. MILLER,                               :
                                                                    :
                                                                    :    12 Civ. 8456 (PAC)
                    Plaintiffs,                                     :
                                                                    :
          v.                                                        :    **ANSWER**
                                                                    :
UNITED STATES ARMY CORPS OF ENGINEERS,                              :
THE CITY OF NEW YORK DEPARTMENT OF                                  :
SANITATION, THE CITY OF NEW YORK                                    :
DEPARTMENT OF DESIGN AND CONSTRUCTION                               :
And THE CITY OF NEW YORK,                                           :
                                                                    :
                    Defendants.                                     :
                                                                    :
------------------------------------------------------------------- x

   Defendant the United States Army Corps of Engineers ("USACE"), by its attorney, Preet

Bharara, United States Attorney for the Southern District of New York, answers the Complaint

on information and belief as follows:

NATURE OF CASE

1. USACE admits that defendants the City of New York (the "City") and the New York City Department of Sanitation ("DSNY") plan to construct a marine transfer station over the East River at 91st Street in Manhattan, and otherwise denies the allegations in this paragraph.

2. USACE denies the allegations in paragraph 2.

3. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. USACE denies the allegations in paragraph 4.

5. USACE denies the allegations in paragraph 5.

6. USACE denies the allegations in paragraph 6.

7. USACE denies the allegations in paragraph 7.

8. USACE denies the allegations in paragraph 8.

9. USACE denies the allegations in paragraph 9.

10. Paragraph 10 consists of plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, USACE admits that plaintiffs purport to challenge USACE's actions as violations of the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*, Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403 ("RHA"), and Section 404 of the Clean Water Act, 33 U.S.C. § 1344 ("CWA"), and the regulations implementing those statutes. USACE otherwise denies the allegations in this paragraph and denies that plaintiffs are entitled to the relief they seek.

11. Paragraph 11 consists of plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, USACE admits that plaintiffs purport

to challenge acts and omissions on the part of the City and DSNY, but otherwise denies the allegations in this paragraph and denies that plaintiffs are entitled to the relief they seek.

12. Paragraph 12 consists of plaintiffs' characterization of the relief they seek in this action, to which no response is required. To the extent a response is required, USACE admits that plaintiffs ask the Court to set aside and annul USACE's permit and enjoin the City, DSNY, and the City of New York Department of Design and Construction ("DDCNY") from undertaking work on the 91st Street marine transfer station, but otherwise denies the allegations in this paragraph and denies that plaintiffs are entitled to the relief they seek.

## JURISDICTION AND VENUE

13. Paragraph 13 consists of conclusions of law to which no response is required. To the extent a response is required, USACE denies the allegations in this paragraph.

14. Paragraph 14 consists of conclusions of law to which no response is required. To the extent a response is required, USACE admits that plaintiffs' claims arose in this District.

## THE PLAINTIFFS

15. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Paragraph 19 consists of conclusions of law to which no response is required. To the extent a response is required, USACE denies the allegations in this paragraph.

20. USACE admits that plaintiff Carolyn B. Maloney is the United States Congresswoman for New York's 14th Congressional District, and that she participated in public proceedings and made submissions concerning DSNY's permit application prior to USACE's issuance of the permit. USACE denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

## DEFENDANTS

27. USACE admits the allegations in paragraph 27.

28. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     USACE admits that the City owns the 91st Street marine transfer station site, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    The City's Solid Waste Management Plan**

31.     USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     USACE admits that, in October 2004, the City and DSNY proposed a solid waste management plan ("SWMP").  The remaining allegations consist of plaintiffs' characterization of the SWMP, which is part of the administrative record,[1] and USACE respectfully refers the Court to the SWMP for a true and correct statement of its contents.

33.     USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Paragraph 34 consists of plaintiffs' characterization of the SWMP, which is part of the administrative record, and USACE respectfully refers the Court to the SWMP for a true and correct statement of its contents.

35.     USACE admits that DSNY finalized an environmental impact statement ("EIS") in 2006 in connection with the SWMP.  The remainder of paragraph 35 consists of plaintiffs' characterization of the EIS, which is part of the administrative record, and USACE respectfully refers the Court to the EIS for a true and correct statement of its contents.

---

[1] USACE will prepare and produce the administrative record as part of this litigation.

## B. The Proposed 91st Street MTS

36. USACE admits that the proposed 91st Street marine transfer station will have a footprint of approximately two acres, and that it will be connected to 91st Street and York Avenue by a previously existing, two-lane ramp that bisects Asphalt Green. USACE otherwise denies the allegations in paragraph 36.

37. USACE admits that the City's and DSNY's plan to construct a marine transfer station at 91st Street involves the demolition of an existing, disused marine transfer station at the 91st Street site, and that the footprint of the replacement marine transfer station will be larger than the footprint of the existing, disused marine transfer station. USACE denies the remaining allegations in paragraph 37.

38. Paragraph 38 consists of unspecified DSNY plans. To the extent those plans are part of the administrative record, USACE respectfully refers the Court to the record for a true and correct statement of their contents. USACE otherwise denies the allegations in paragraph 38.

39. USACE denies the allegations in paragraph 39.

40. Paragraph 40 consists of plaintiffs' characterization of the SWMP, which is part of the administrative record, and USACE respectfully refers the Court to the SWMP for a true and correct statement of its contents. USACE otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, except admits that the 91st Street marine transfer station is across the F.D.R. Drive from residential neighborhoods.

41. USACE admits that the 91st Street marine transfer station is located across the F.D.R. Drive from parks, and that the ramp connecting York Avenue to the 91st Street site bisects

Asphalt Green. USACE otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. USACE admits that the 91st Street marine transfer station site is located within the City's Class A Emergency Evacuation Zone, but denies the remaining allegations in the first and second sentences of paragraph 42. The remainder of paragraph 42 characterizes statements made by New York Governor Andrew Cuomo, which speak for themselves.

43. Paragraph 43 consists of unspecified DSNY plans. To the extent those plans are part of the administrative record, USACE respectfully refers the Court to the record for a true and correct statement of their contents. USACE otherwise denies the allegations in paragraph 43.

44. USACE denies the allegations in paragraph 44.

45. USACE denies the allegations in paragraph 45.

**C.  The USACE's Issuance of a Permit**

46. USACE admits that construction and dredging associated with the proposed 91st Street marine transfer station is subject to permitting under, *inter alia*, CWA § 404, and that on or about July 9, 2008, DSNY applied to USACE for a permit. The remainder of paragraph 46 consists of plaintiffs' characterization of DSNY's permit application, which is part of the administrative record, and USACE respectfully refers the Court to the permit application for a true and correct statement of its contents.

47. Paragraph 47 consists of plaintiffs' characterization of DSNY's permit application, which is part of the administrative record, and USACE respectfully refers the Court to the permit application for a true and correct statement of its contents.

48.    USACE admits that, on August 15, 2008, it issued a public notice announcing a public comments period and public hearings in connection with DSNY's permit application, and that it held a public hearing at 310 East 67th Street in Manhattan on September 16, 2008.  The third sentence of paragraph 48 consists of plaintiffs' characterization of the public hearing, a transcript of which is contained in the administrative record, and USACE respectfully refers the Court to the hearing transcript for a true and correct statement of its contents.  The fourth sentence of paragraph 48 consists of plaintiffs' characterization of USACE's Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.

49.    USACE admits that, in July 2011, it issued a supplemental public notice.  The remainder of paragraph 49 consists of plaintiffs' characterization of the supplemental public notice, which is part of the administrative record, and USACE respectfully refers the Court to the supplemental public notice for a true and correct statement of its contents.  Furthermore, USACE avers that responses to the supplemental public notice are documented in the Memorandum for Record, which is part of the administrative record.  USACE otherwise denies the allegations in paragraph 49.

50.    USACE admits the allegations in paragraph 50.

51.    USACE admits that, effective July 20, 2012, it granted DSNY's permit application and issued a permit, but otherwise denies the allegations in paragraph 51.

52.    USACE admits that it created a Memorandum for Record in support of its issuance of the permit to DSNY, and that it produced the Memorandum for Record pursuant to the Freedom of Information Act.  The remainder of paragraph 52 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and

USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.

53. Paragraph 53 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.

### D. The USACE Failed to Consider a Smaller Facility

54. Paragraph 54 consists of conclusions of law, to which no response is required. To the extent a response is required, USACE denies the allegations in this paragraph. USACE further denies any characterizations of the cited regulation, which speaks for itself, and respectfully refers the Court to the regulation for true and correct statement of its contents.

55. Paragraph 55 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.

56. Paragraph 56 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents. USACE otherwise denies the allegations in paragraph 56.

57. Paragraph 57 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents. USACE otherwise denies the allegations in paragraph 57.

58. Paragraph 58 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to

the memorandum for a true and correct statement of its contents.  USACE otherwise denies the allegations in paragraph 58.

59.   Paragraph 59 consists of plaintiffs' characterization of the record, including DSNY's SWMP, and USACE respectfully refers the Court to the record for a true and correct statement of its contents.  USACE otherwise denies the allegations in paragraph 59.

60.   Paragraph 60 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.  USACE otherwise denies the allegations in paragraph 60.

**E.   The USACE Failed to Apply the City's Siting Regulations**

61.   USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.  USACE further denies any characterizations of the cited regulation, which speaks for itself, and respectfully refers the Court to the regulation for true and correct statement of its contents.

62.   USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.   USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.   USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.   USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.   USACE denies the allegations in paragraph 66.

67. USACE denies the allegations in paragraph 67, and respectfully refers the Court to the EIS, which is part of the administrative record, for a true and correct statement of its contents.

F. **The USACE Failed to Consider Certain Impacts**

68. Paragraph 68 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.

69. Paragraph 69 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents. USACE otherwise denies the allegations in paragraph 69.

70. USACE admits that the proposed 91st Street marine transfer station involves construction in and over the East River, which is a navigable water of the United States, and that USACE has jurisdiction over the navigable waters of the United States. USACE otherwise denies the allegations in paragraph 70.

71. USACE denies the allegations in paragraph 71.

72. USACE denies the allegations in paragraph 72.

73. USACE denies the allegations in paragraph 73.

74. USACE denies the allegations in paragraph 74.

G. **The USACE's Conclusions Are Based on Stale, Unreliable and Incomplete Information**

75. USACE admits that the permitted construction at the 91st Street site is not scheduled to begin until 2013, and otherwise denies the allegations in paragraph 75.

76. USACE admits that Atlantic sturgeon have been found in the East River, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. USACE denies the allegations in paragraph 77.

78. Paragraph 78 consists of plaintiffs' characterization of the SWMP, which is part of the administrative record, and USACE respectfully refers the Court to the SWMP for a true and correct statement of its contents. USACE otherwise denies the allegations in paragraph 78.

79. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. USACE denies the allegations in paragraph 83.

**H.  The USACE's Analysis of Off-site Alternatives Was Deficient**

84. USACE denies the allegations in paragraph 84. USACE further denies any characterizations of the cited regulation, which speaks for itself, and respectfully refers the Court to the regulation for true and correct statement of its contents.

85. USACE denies the allegations in paragraph 85.

86. USACE denies the allegations in paragraph 86.

87. USACE denies the allegations in paragraph 87.

88. USACE denies the allegations in paragraph 88.

89. USACE denies the allegations in paragraph 89.

90. Paragraph 90 consists of plaintiffs' characterization of the EIS, which is part of the administrative record, and USACE respectfully refers the Court to the EIS for a true and correct statement of its contents. USACE otherwise admits that the Harlem River Yard transfer station is located on the Harlem River, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90.

91. Paragraph 91 consists of plaintiffs' characterization of the EIS, which is part of the administrative record, and USACE respectfully refers the Court to the EIS for a true and correct statement of its contents. USACE otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92. The first sentence of paragraph 92 consists of plaintiffs' characterization of the EIS, which is part of the administrative record, and USACE respectfully refers the Court to the EIS for a true and correct statement of its contents. USACE denies the remaining allegations in paragraph 92.

93. Paragraph 93 consists of conclusions of law to which no response is required. To the extent a response is required, USACE denies the allegations in this paragraph.

94. USACE admits that, during public comments on DSNY's permit application, some commenters advocated the use of Randall and Wards Islands as sites for a marine transfer station. The remainder of paragraph 94 consists of plaintiffs' characterization of the Memorandum for Record, which is part of the administrative record, and USACE respectfully refers the Court to the memorandum for a true and correct statement of its contents.

95. USACE denies the allegations in paragraph 95. Insofar as these allegations characterize the EIS, which is part of the administrative record, USACE respectfully refers the Court to the EIS for a true and correct statement of its contents.

96. USACE denies the allegations in paragraph 96.

97. USACE denies the allegations in paragraph 97.

98. USACE denies that it concluded that the proposed 91st Street marine transfer station was compelled by cost considerations, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

## FIRST CAUSE OF ACTION

99. USACE repeats and reincorporates herein its answers to paragraphs 1 through 98 of the Complaint.

100. Paragraph 100 consists of conclusions of law to which no response is required. To the extent a response is required, USACE denies the allegations in paragraph 100.

101. Paragraph 101 consists of conclusions of law to which no response is required. To the extent a response is required, USACE denies the allegations in paragraph 101.

## SECOND CAUSE OF ACTION

102. USACE repeats and reincorporates herein its answers to paragraphs 1 through 101 of the Complaint.

103. USACE admits that it prepared an environmental assessment as part of its issuance of the permit for the 91st Street marine transfer station. The environmental assessment is part of the administrative record, and to the extent the allegations in paragraph 103 characterize the environmental assessment, USACE respectfully refers the Court to the assessment for a true and correct statement of its contents. USACE otherwise denies the allegations in paragraph 103.

104.  Paragraph 104 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 104.

105.  Paragraph 105 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 105 and denies that plaintiffs are entitled to the relief they seek.

### THIRD CAUSE OF ACTION

106.  USACE repeats and reincorporates herein its answers to paragraphs 1 through 105 of the Complaint.

107.  The first sentence of paragraph 107 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 107.  USACE denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 107.

108.  Paragraph 108 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 108 and denies that plaintiffs are entitled to the relief they seek.

### FOURTH CAUSE OF ACTION

109.  USACE repeats and reincorporates herein its answers to paragraphs 1 through 108 of the Complaint.

110.  Paragraph 110 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 110.

111.  Paragraph 111 concerns plaintiffs' allegations against the City and DSNY, to which no response is required by USACE.  To the extent a response is deemed required, USACE denies the allegations in this paragraph.

112.  Paragraph 112 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 112 and denies that plaintiffs are entitled to the relief they seek.

### FIFTH CAUSE OF ACTION

113.  USACE repeats and reincorporates herein its answers to paragraphs 1 through 112 of the Complaint.

114.  Paragraph 114 consists of conclusions of law to which no response is required.  To the extent a response is deemed required, USACE denies the allegations in paragraph 114 and denies that plaintiffs are entitled to the relief they seek.

\*   \*   \*

The remainder of the Complaint consists of plaintiffs' prayer for relief, to which no response is required.  To the extent a response is deemed required, USACE denies that plaintiffs are entitled to the relief they seek.

**AFFIRMATIVE DEFENSES**

1.      As required by law, at the 91st Street site, USACE regulated only impacts to the navigable capacity of waters of the United States, 33 U.S.C. § 403, regulated fill of about 700 square feet of river bed subject to the Clean Water Act, 33 U.S.C § 1344, and required off-site mitigation for those impacts.

2.      Plaintiffs lack standing to challenge USACE's issuance of the RHA § 10 and CWA § 404 permit because they do not allege that they will be harmed by the diminution of navigable capacity, by the fill, or by the requirement for mitigation.


Dated:  New York, New York          PREET BHARARA
        January 29, 2013            United States Attorney for the
                                    Southern District of New York
                                    *Attorney for Defendant United States Army Corps of Engineers*

                                By:   /s/ Christopher Connolly
                                    CHRISTOPHER CONNOLLY
                                    Assistant United States Attorney
                                    86 Chambers Street
                                    New York, New York 10007
                                    Tel.: (212) 637-2761
                                    Fax: (212) 637-2786
                                    E-mail: christopher.connolly@usdoj.gov