

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 1-31-13

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

CARRIE NOTEBOOM
Phone: 212-788-0771
Fax: 212-788-1619
E-mail: cnoteboo@law.nyc.gov

January 28, 2012

1/31/2013

**VIA E-MAIL**
The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
CrottyNYSDChambers@nysd.uscourts.gov, Marlon_Ovalles@nysd.uscourts.gov

*[Handwritten note:] The consideration of requests for pre-motion conferences will be deferred until plaintiffs file amended complaints. Upon filing of the amended complaints, defendants may renew their application for a pre-motion conference. No party should make any dispositive motions pending the outcome of the pre-motion conference.*

*So ordered*
*[Signature] Paul Crotty*
*1/31*

Re:   Residents for Sane Trash Solutions v. U.S. Army Corps of Engineers, 12-cv-8456
      (PAC), and Kellner v. U.S. Army Corps of Engineers, 12-cv-8458 (PAC)

Dear Judge Crotty:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, representing Defendants the City of New York, the New York City Department of Sanitation ("DSNY"), and the New York City Department of Design and Construction ("DDC") (collectively, "the City") in the above captioned related matters. Pursuant to the request of the United States Army Corps of Engineers, which the Court so-ordered on January 22, 2013 (*Residents for Sane Trash Solutions* Dkt. No. 9; *Kellner* Dkt. No. 15), the City must answer or otherwise move with respect to the complaints by January 29, 2013.[1] I write to respectfully request a pre-motion conference, as the City plans to move to dismiss the complaints in both actions in part, as further described below.

      These cases both concern the Army Corps' decision to issue a permit to the City under Section 404 of the Clean Water Act and Section 10 of the Rivers and Harbors Act for activities necessary for construction of a DSNY-owned waste transfer facility at East 91st Street and the East River in Manhattan, known as the East 91st Street Marine Transfer Station ("MTS").

---

[1] The Court previously extended the City's time to answer to January 22, 2013 (*Residents for Sane Trash Solutions* Dkt. No. 7; *Kellner* Dkt. No. 11).

In addition to claims related to the Army Corps permit, the complaints in both actions also assert federal and state constitutional claims against the City, alleging violations of their due process and equal protection rights. The *Kellner* complaint further asserts against the City state common law claims for breach of contract, trespass, and private nuisance, and a state statutory claim under the New York State Environmental Quality Review Act ("SEQRA").[2] The City seeks to move to dismiss the constitutional, common law, and SEQRA claims.

With respect to the constitutional claims, plaintiffs in both *Residents* and *Kellner* allege that the City has discriminated against them in violation of their rights to due process and equal protection by deciding to site the MTS in their neighborhood, allegedly in violation of DSNY's siting rules governing such facilities. *See Residents* Compl. ¶¶ 109-14 (Fourth and Fifth Claims for Relief); *Kellner* Compl. ¶¶ 163-68 (Sixth and Seventh Claims for Relief). These claims fail as a matter of law. First, neither the *Residents* nor the *Kellner* plaintiffs allege that they are members of a protected class; as such, the City's decision to site the MTS in their neighborhood must be upheld if it has a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In prior challenges to this facility, the state courts have already determined that the City's decision to site the MTS at the East 91st Street location was rational. *Association for Community Reform Now ("ACORN") v. Bloomberg*, 52 AD3d 426, 426-27 (1st Dep't 2008), *lv. denied*, 11 NY3d 707 (2008); *Gracie Point Community Council v. New York State Dep't of Envtl. Conserv.*, 92 A.D.3d 123, 131 (3d Dep't 2011), *lv. denied*, 19 NY3d 807 (2012). Moreover, courts have "never found in the Equal Protection Clause any per se rule of territorial uniformity" in providing government services and, absent allegations of intentional and invidious discrimination, equal protection claims that allege the uneven allocation of governmental resources or services have routinely been rejected. *San Antonio Ind. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 54 n. 110 (1973) (education funding); *Collins v. Goshen*, 635 F.2d 954, 957 n. 3 (2d Cir. 1980) (drinking water); *Mlikotin v. Los Angeles*, 643 F.2d 652, 653 (9th Cir. 1981) (overall municipal resources). Additionally, plaintiffs in both cases have failed to plead facts sufficient to establish that they were treated differently than similarly situated individuals, a necessary element of an equal protection claim. *See Bishop v. Best Buy Co.*, 2010 U.S. Dist. LEXIS 110631, at *11 (S.D.N.Y. 2010). Finally, neither the *Residents* nor the *Kellner* plaintiffs can establish a federally protected property right based on the allegations in their complaints, which is fatal to their due process claim. *See O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007).

With respect to the state common law claims, Asphalt Green, Inc., a plaintiff in the *Kellner* case, alleges that the construction of the MTS and its access ramp will constitute a breach of contract, trespass and private nuisance. *See Kellner* Compl. ¶¶ 169-86 (Eighth and Ninth Claims for Relief). Because these common law claims do not share "a common nucleus of operative facts" with plaintiffs' federal claims, the Court lacks subject matter jurisdiction to hear

---

[2] In addition to their SEQRA claim pled against the City, which alleges that additional environmental review is required to study flooding risks, the *Kellner* plaintiffs also assert a similar claim against the Army Corps of Engineers under NEPA. *See Kellner* Compl. ¶¶ 197-202 (Eleventh Claim for Relief).

them, and they must be dismissed. *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). As pled in the complaint, plaintiffs' federal claims will require the Court to review the record of the permit proceeding before the Army Corps and the propriety of the City's determination to site the MTS at East 91st Street. These claims share no common facts with Asphalt Green's common law claims, which require interpretation of the terms of a license agreement between Asphalt Green and the City. In addition, these claims fail as a matter of law. The City owns the property in question, and the license agreement between Asphalt Green and the City does not create a property interest or give Asphalt Green sole possession of the property; the agreement also reserves a right of access for the City. Moreover, prior litigation has already established both that construction of the MTS will not constitute a private nuisance, and that demolition and construction of the access ramp will not impact any of the recreational facilities on the Asphalt Green campus. *See Association for Community Reform Now ("ACORN") v. Bloomberg*, 2006 N.Y. Misc. LEXIS 2471, *56-57 (Sup. Ct. N.Y. County 2006) (dismissing nuisance claims); *Powell v. City of New York*, Index No. 108220/2006, (Sup. Ct. N.Y. County 2009) (finding no impact to Asphalt Green's facilities from ramp construction), *aff'd by Powell v. City of New York*, 85 AD3d 429 (1st Dep't 2011), *lv. denied*, 17 NY3d 715 (2011).

Finally, with respect to the SEQRA claim, the *Kellner* plaintiffs also assert that additional environmental review is required to consider potential flooding impacts during extreme weather, in light of Hurricanes Irene and Sandy. *Kellner* Compl. ¶¶ 187-96 (Tenth Claim for Relief). This claim must be dismissed, as the City has met all of its procedural and substantive requirements under SEQRA and CEQR, and considered potential flooding risks as part of the environmental review. In addition, DSNY further addressed flooding as part of the permit proceeding before the Army Corps, and these submissions demonstrate that the facility would not result in significant adverse impact to flood hazards in the area, and would not be substantially impacted by foreseeable sea level rise over the life span of the structure. *See Kellner* Compl. Exh. 4 at 64-65. Although Hurricane Sandy has newly focused media attention on the risks of flooding and sea level rise to the City's infrastructure, these risks are not new, and DSNY has already fully considered the potential for flooding at the MTS, a water-dependent facility located both on the water and in the coastal zone, and taken the requisite "hard look" at potential impacts from flooding risks at the site, and no additional environmental review is required. *See Matter of Riverkeeper, Inc. v. Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 (2007).

As the City would only be moving to dismiss the complaints in part, the City would also be prepared to serve its answers to the complaints at the same time that it moves to dismiss. We look forward to discussing the City's motion at a pre-motion conference before Your Honor at the Court's earliest convenience.

Respectfully yours,

*Carrie Noteboom*

Carrie Noteboom (CN 7173)
Assistant Corporation Counsel

3

cc: **VIA E-MAIL**
    Charles C. Platt (charles.platt@wilmerhale.com)
    Michael D. Gottesman (michael.gottesman@wilmerhale.com)
    Jennifer Rimm (jennifer.rimm@wilmerhale.com)
    Wilmer Cutler Pickering Hale and Dorr LLP
    Counsel for the Plaintiffs Residents for Sane Trash Solutions, et al.

    Albert K. Butzel (akbutzel@gmail.com)
    Albert K. Butzel Law Offices
    Counsel for the Plaintiffs Residents for Sane Trash Solutions, et al.

    Jeffrey L. Braun (jbraun@kramerlevin.com)
    Karen L. Mintzer (kmintzer@kramerlevin.com)
    Kerri B. Folb (kfolb@kramerlevin.com)
    Kramer Levin Naftalis & Frankel LLP
    Counsel for Plaintiffs Micah Z. Kellner, et al.

    Christopher Connolly (christopher.connolly@usdoj.gov)
    Assistant United States Attorney
    Southern District of New York
    Counsel for Defendant United States Army Corps of Engineers