USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4-30-13

KRAMER LEVIN NAFTALIS & FRANKEL LLP

April 29, 2013

4/30/2013

BY E-MAIL

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007

*[Handwritten note from Judge:]* These 2 cases are added/withdrawn from the Pilot Project for Complex Civil Cases. The cases will proceed under the Court's customary individual practices with respect to the Civil Case Management Plan. It need not be submitted prior to the May 7 conference. A joint letter is not necessary. If plaintiffs wish to respond to the City's letter of April 26, 2013, they may do so. So ordered.

Paul Crotty
USDJ

Re:  Residents for Sane Trash, Inc., et al. v. U.S. Army
     Corps of Engineers, et al., No. 12 Civ. 8456 (PAC),
     and Kellner, et al. v. U.S. Army Corps of Engineers,
     et al., No. 12 Civ. 8458 (PAC) –
     <u>May 7, 2013 Initial Case Management Conference</u>

Dear Judge Crotty:

       This firm represents the plaintiffs in *Kellner*, but this letter is being sent on behalf of counsel to all of the parties to both referenced actions. The Court recently scheduled the initial conference in these cases for 3:30 p.m. on May 7, 2013. In preparation for the conference, counsel held a telephonic "meet-and-confer" on April 29, 2013.

       There is uncertainty among the lawyers as to whether, in preparing written submissions to the Court for next week's conference, the parties should follow Your Honor's Individual Practices or the Court's October 31, 2011 Standing Order for the Pilot Project Regarding Case Management Techniques for Complex Civil Cases, which the parties have been advised by electronic notice applies to these cases.

       Your Honor's Individual Practices require that a joint letter and proposed Civil Case Management Plan be submitted three business days before the conference (May 2), while the Standing Order requires that a joint Initial Report addressing an "Initial Pretrial Conference Checklist" and other enumerated items be submitted seven days before the conference (April 30). The parties are endeavoring to prepare a joint submission that responds to the items enumerated in both the Individual Practices and the Standing Order but doubt that they can complete it by April 30.

       I also wish to point out that it will not be possible for the parties to address the discovery items in a proposed Civil Case Management Plan or in an Initial Report submitted plan prior to the conference, because there is a fundamental disagreement between the plaintiffs on the one hand, who wish to proceed with document discovery, and the defendants on the other

*MEMO ENDORSED*

KL3 2925403 1

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Paul A. Crotty
April 29, 2013
Page 2

hand, who take the position that discovery is inappropriate in these cases, and that the cases should be disposed of on an administrative record and dispositive motions. The parties will be prepared to discuss this disagreement at the conference and to address it in writing after the conference.

   Under these circumstances, the parties request that the Court clarify which document should be followed by the parties in preparing for the conference, and when it should be submitted. Thank you for your attention to this request.

Respectfully submitted,

Jeffrey L. Braun

JLB:tim

cc:   All Counsel