USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED July 11, 2013

ORDER

Residents for Sane Trash Solutions v. U.S. Army Corps of Engineers, 12 Civ. 8456 (PAC)
Kellner v. U.S. Army Corps of Engineers, 12 Civ. 8458 (PAC)

      This dispute arises out of a decision by the Army Corps of Engineers to issue a permit authorizing the City and its Department of Sanitation to construct a waste transfer facility on the shore of the East River at 91st Street in Manhattan. Plaintiffs challenge that action and the adequacy of the administrative record in support of that action. Plaintiffs also assert federal and state constitutional claims alleging violations of their equal protection rights. Finally, the Kellner complaint alleges breach of contract, trespass and private nuisance concerning Asphalt Green.

      The Army Corps of Engineers recently filed its administrative record, which it certified as complete. Previously, the City filed a Department of Sanitation Memorandum which updated the flood risks for the site, in light of Hurricane Sandy. The Army Corps of Engineers acquiesced in the Department of Sanitation's update.

      Both Plaintiffs seek discovery prior to making dispositive motions concerning their complaints. The discovery falls into four categories: (1) Flooding; (2) Alternative and Equal Protection; (3) Completeness of the Record; and (4) Asphalt Green.

      With respect to Flooding, Plaintiffs argue that the impact of Hurricane Sandy and a FEMA map alter the prior study which was the basis for the permit. Generally stated, Plaintiffs seek discovery of the City's post-Sandy review, conversations between the Army Corps of Engineers and the City concerning the impact of Hurricane Sandy, and the feasibility and adequacy of the proposed methods and procedures to ameliorate another Sandy-like storm.

      With regard to the Alternative and Equal Protection argument, both Plaintiffs seek discovery inter alia into how and why the East 91st Street site was selected, any consideration given to alternatives (e.g., a truck-based alternative, as opposed to a marine barge system).

      As to the Completeness of the Army Corps of Engineers' Record, Plaintiffs observe that it "appears to us to be incomplete." In light of that observation, Plaintiffs seek discovery on the completeness of the administrative record; inquiries about certain operational impacts; and how the determination was made to limit the scope of the Corps' review.

      Finally, with respect to Asphalt Green, which is located near the proposed waste transfer facility, the Kellner Plaintiff seeks discovery on how the City will be able to build the necessary access to the facility without violating Asphalt Green's contract rights or endangering the health and safety of the citizens who frequent Asphalt Green.

      For the reasons that follow, the requests for discovery are denied, as unnecessary and inappropriate. The parties are directed to submit a motion schedule for dispositive motions, including the City's Fed. R. Civ. P. 12(c) motions, in these two cases.

The two lawsuits call upon the Court to determine whether the decisions to issue the permit, and not to conduct additional studies and reviews of environmental risks of flooding, are reasonable and supported by the record. With regard to APA and NEPA claims, Plaintiffs acknowledge that such review is generally limited to the administrative records. Plaintiffs seek a departure from that rule, but there is no good reason to do so. With regard to Flooding, even though it is clear that Plaintiffs disagree, the record is sufficient to answer the relevant legal questions: were the decisions to issue the permit, and then not to conduct another supplemental review in light of Hurricane Sandy, arbitrary or capricious? Since the record is sufficient for that purpose, there is no need for discovery Plaintiffs seek.

With regard to the Completeness of the Army Corps of Engineers' Record, the record consists of almost 12000 pages and covers the period from application for the permit, to its issuance, as well as subsequent matters. The Army Corps of Engineers certifies that the administrative record contains the documents that were before the agency at the time it decided to issue the permit and deny subsequent requests to reconsider the issuance of the permit in light of Hurricane Sandy. As with Flooding, factual review is generally limited to the administrative record that exists, and not to a new record to be made by the reviewing court. Plaintiffs' observation that the "record appears to be incomplete" is insufficient to justify a departure from the general rule.

With respect to Plaintiffs' non APA and NEPA claims for further discovery concerning "Alternative and Equal Protection" and "Asphalt Green", they are the subject of the City's Fed. R. Civ. P. 12(c) motion. Any discovery prior to the resolution of these issues might well be wasteful.

Plaintiffs' July 8, 2013 letter request for discovery is DENIED.

Dated: New York, New York
July 11, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

2