

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 15, 2013

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

CARRIE NOTEBOOM
Phone: 212-788-0771
Fax: 212-788-1619
E-mail: cnoteboo@law.nyc.gov

April 26, 2013

**VIA E-MAIL**
The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
CrottyNYSDChambers@nysd.uscourts.gov, Marlon_Ovalles@nysd.uscourts.gov

    Re:    *Residents for Sane Trash Solutions v. U.S. Army Corps of Engineers*, 12-cv-8456 (PAC), and *Kellner v. U.S. Army Corps of Engineers*, 12-cv-8458 (PAC)

Dear Judge Crotty:

    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel for the City of New York, representing defendants the City of New York, the New York City Department of Sanitation ("DSNY"), and the New York City Department of Design and Construction ("DDC") (collectively, "the City") in the above captioned related matters. I write to respectfully request a pre-motion conference, as the City plans to move under Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings[1] with respect to certain of the claims in plaintiffs' Amended Complaints, as further described below. Since the Court has already scheduled an initial pre-trial conference on May 7, 2013, we respectfully suggest that the City's proposed motion can also be discussed at that conference.

    These cases both concern the Army Corps' decision to issue a permit to the City under Section 404 of the Clean Water Act and Section 10 of the Rivers and Harbors Act for activities necessary for construction of a DSNY-owned waste transfer facility at East 91st Street and the East River in Manhattan, known as the East 91st Street Marine Transfer Station ("MTS").

---

[1] The City filed its Answers to the Amended Complaints in both cases on April 18, 2013 (*Residents for Sane Trash Solutions* Dkt. No. 19; *Kellner* Dkt. No. 23).

In addition to claims related to the Army Corps permit and its environmental review, the Amended Complaints in both actions also assert federal and state constitutional claims against the City, alleging violations of their equal protection rights. The *Kellner* Amended Complaint further asserts against the City state common law claims for breach of contract, trespass, and private nuisance. The City seeks to move for judgment on the pleadings dismissing the constitutional and common law claims.

With respect to the constitutional claims, plaintiffs in both *Residents* and *Kellner* allege that the City has discriminated against them in violation of their right to equal protection by deciding to site the MTS in their neighborhood while it would allegedly not build one in any similarly situated residential neighborhood, and by not applying a DSNY siting rule for private waste transfer stations to the DSNY-operated facility. *See Residents* Amended Compl. ¶¶ 173-80 (Fourth and Fifth Claims for Relief); *Kellner* Compl. ¶¶ 166-83 (Sixth and Seventh Claims for Relief). These claims as a matter of law. First, neither the *Residents* nor the *Kellner* plaintiffs allege that they are members of a protected class; as such, the City's decision to site the MTS in their neighborhood must be upheld if it has a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In prior challenges to this facility, the state courts have already determined that the City's decision to site the MTS at the East 91st Street location was rational. *Association for Community Reform Now ("ACORN") v. Bloomberg*, 52 AD3d 426, 426-27 (1st Dep't 2008), *lv. denied*, 11 NY3d 707 (2008); *Gracie Point Community Council v. New York State Dep't of Envtl. Conserv.*, 92 A.D.3d 123, 131 (3d Dep't 2011), *lv. denied*, 19 NY3d 807 (2012). In addition, plaintiffs' claims relating to the alleged improper application of DSNY's siting rule for transfer stations must also fail, as that rule does not apply to the East 91st Street MTS. *ACORN*, 52 AD3d at 427.

Next, it is questionable whether plaintiffs can establish a "class of one" claim using an entire neighborhood as a comparator. *See, e.g., McGowan v. Maryland*, 366 U.S. 420, 427 (1961) ("[T]he Equal Protection Clause relates to equality between persons as such, rather than between areas...."). The allocation of a municipality's limited resources among different geographic areas under its jurisdiction requires significant discretion and the weighing of competing policy goals, and as such, there is no clear standard against which to evaluate a decision to locate or not locate a particular City facility in a particular neighborhood. *See Willets Point Industry and Realty Ass'n v. City of New York*, 2009 U.S. Dist. LEXIS 110181, *23-24 (E.D.N.Y. 2009). Courts have "never found in the Equal Protection Clause any per se rule of territorial uniformity" in providing government services and, absent allegations of intentional and invidious discrimination, equal protection claims that allege the uneven allocation of governmental resources or services have routinely been rejected. *San Antonio Ind. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 54 n. 110 (1973) (education funding); *Collins v. Goshen*, 635 F.2d 954, 957 n. 3 (2d Cir. 1980) (drinking water); *Mlikotin v. Los Angeles*, 643 F.2d 652, 653 (9th Cir. 1981) (overall municipal resources). Additionally, plaintiffs in both cases have failed to plead facts sufficient to establish that they were intentionally treated differently than similarly situated individuals, a necessary element of an equal protection claim. *See Bishop v. Best Buy Co.*, 2010 U.S. Dist. LEXIS 110631, at *11 (S.D.N.Y. 2010).

Finally, with respect to the state common law claims, Asphalt Green, Inc., a plaintiff in the *Kellner* case, alleges that the construction of the MTS and its access ramp will constitute a breach of contract, trespass and private nuisance. *See Kellner* Amended Compl.

2

¶¶ 184-201 (Eighth and Ninth Claims for Relief). Because these common law claims do not share "a common nucleus of operative facts" with plaintiffs' federal claims, the Court lacks subject matter jurisdiction to hear them, and they must be dismissed. *See* 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). As pled in the Amended Complaint, plaintiffs' federal claims will require the Court to review the record of the permit proceeding before the Army Corps and the propriety of the City's determination to site the MTS at East 91st Street. These claims share no common facts with Asphalt Green's common law claims, which require interpretation of the terms of a license agreement between Asphalt Green and the City. *See Wigand v. Flo-Tek, Inc.*, 609 F.2d 1028, 1033 (2d Cir. 1980).

In addition, Asphalt Green's claims fail as a matter of law. The City owns the property in question, and the license agreement between Asphalt Green and the City does not create a property interest or give Asphalt Green sole possession of the property; the agreement also reserves a right of access for the City. As a result, Asphalt Green's claim of breach of contract and trespass must be dismissed. Moreover, the nuisance claim also fails as a matter of law, as prior litigation has already established both that construction of the MTS will not constitute a private nuisance, and that demolition and construction of the access ramp will not impact any of the recreational facilities on the Asphalt Green campus. *See Association for Community Reform Now ("ACORN") v. Bloomberg*, 2006 N.Y. Misc. LEXIS 2471, *56-57 (Sup. Ct. N.Y. County 2006) (dismissing nuisance claims); *Powell v. City of New York*, Index No. 108220/2006, (Sup. Ct. N.Y. County 2009) (finding no impact to Asphalt Green's facilities from ramp construction), *aff'd by Powell v. City of New York*, 85 AD3d 429 (1st Dep't 2011), *lv. denied*, 17 NY3d 715 (2011).

Respectfully yours,

Carrie Noteboom (CN-7173)
Assistant Corporation Counsel

cc:   **VIA E-MAIL**
      Charles C. Platt (charles.platt@wilmerhale.com)
      Michael D. Gottesman (michael.gottesman@wilmerhale.com)
      Jennifer Rimm (jennifer.rimm@wilmerhale.com)
      Wilmer Cutler Pickering Hale and Dorr LLP
      Counsel for the Plaintiffs Residents for Sane Trash Solutions, et al.

      Albert K. Butzel (akbutzel@gmail.com)
      Albert K. Butzel Law Offices
      Counsel for the Plaintiffs Residents for Sane Trash Solutions, et al.

Jeffrey L. Braun (jbraun@kramerlevin.com)
Karen L. Mintzer (kmintzer@kramerlevin.com)
Kerri B. Folb (kfolb@kramerlevin.com)
Kramer Levin Naftalis & Frankel LLP
Counsel for Plaintiffs Micah Z. Kellner, et al.

Christopher Connolly (christopher.connolly@usdoj.gov)
Assistant United States Attorney
Southern District of New York
Counsel for Defendant United States Army Corps of Engineers