Case 1:12-cv-08456-PAC   Document 30   File

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 15, 2013



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

CARRIE NOTEBOOM
Phone: 212-356-2319
Fax: 212-356-1148
E-mail: cnoteboo@law.nyc.gov

May 1, 2013

**VIA E-MAIL**
The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
CrottyNYSDChambers@nysd.uscourts.gov, Marlon_Ovalles@nysd.uscourts.gov

> Re: *Residents for Sane Trash Solutions v. U.S. Army Corps of Engineers*, 12-cv-8456 (PAC), and *Kellner v. U.S. Army Corps of Engineers*, 12-cv-8458 (PAC)

Dear Judge Crotty:

I write to briefly supplement the City's letter of April 26, 2013, which requested a pre-motion conference to discuss the City's proposed motion for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. In addition to the grounds set forth in that letter, the City has also determined that plaintiffs' equal protection claims in both actions referenced above must be dismissed because plaintiffs failed to bring these claims within the applicable statute of limitations. Pursuant to F.R.C.P. Rule 15(a)(1)(A), which provides that a party may amend its pleading once as a matter of course within 21 days after serving it, the City today filed Amended Answers in both cases which add the statute of limitations as an affirmative defense.[1]

In an action to enforce a constitutional right under Section 1983, the applicable limitations period is found in the "general or residual state statute of limitations for personal

---

[1] *See Residents* Dkt. No. 22; *Kellner* Dkt. No. 26. The City's Amended Answer in the *Kellner* case also corrects a minor misstatement in the City's response to certain of plaintiffs' allegations in their Amended Complaint. The City has provided the *Kellner* plaintiffs with a redline copy of the Amended Answer for their convenience.

injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *see also Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997). In New York, the statute of limitations for personal injury actions is three years. *Ormiston*, 117 F.3d at 71; N.Y. C.P.L.R. § 214(5).

Although the statute of limitations period is governed by state law, federal law governs the question of when a Section 1983 claim accrues. *Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir. 1993). Under federal law, a cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (*quoting Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (applying rule of accrual to claims brought pursuant to Section 1983)).

Here, as set forth in plaintiffs' Amended Complaints, their equal protection claims are based on the City's decision to site a Marine Transfer Station ("MTS") at East 91st Street, and its alleged failure to apply a DSNY siting rule for private waste transfer stations to the DSNY-operated facility. *See Residents* Amended Compl. ¶¶ 174-79; *Kellner* Amended Compl. ¶¶ 173-78. Plaintiffs were aware, or should have been aware, of the siting decision in 2005, when the East 91st Street MTS was approved under the City's Uniform Land Use Review Procedure (*Kellner* Amended Compl. ¶ 66) or, at the latest, in 2006, when the City's Solid Waste Management Plan, including the East 91st Street MTS project, was approved by the New York State Department of Environmental Conservation (*see Residents* Amended Compl. ¶ 68; *Kellner* Amended Compl. ¶ 70). As a result, their claims must be dismissed as time-barred.

We look forward to discussing these issues further at the initial conference on May 7, 2013.

Respectfully yours,

*Carrie Noteboom*

Carrie Noteboom (CN 7173)
Assistant Corporation Counsel

cc: **VIA E-MAIL**
Charles C. Platt (charles.platt@wilmerhale.com)
Michael D. Gottesman (michael.gottesman@wilmerhale.com)
Jennifer Rimm (jennifer.rimm@wilmerhale.com)
Wilmer Cutler Pickering Hale and Dorr LLP
Counsel for the Plaintiffs Residents for Sane Trash Solutions, et al.

Albert K. Butzel (akbutzel@gmail.com)
Albert K. Butzel Law Offices
Counsel for the Plaintiffs Residents for Sane Trash Solutions, et al.

Jeffrey L. Braun (jbraun@kramerlevin.com)
Karen L. Mintzer (kmintzer@kramerlevin.com)
Kerri B. Folb (kfolb@kramerlevin.com)
Kramer Levin Naftalis & Frankel LLP
Counsel for Plaintiffs Micah Z. Kellner, et al.

Christopher Connolly (christopher.connolly@usdoj.gov)
Assistant United States Attorney
Southern District of New York
Counsel for Defendant United States Army Corps of Engineers