USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 15, 2013

# WILMERHALE

May 6, 2013

**VIA EMAIL**

Jennifer Rimm *

+1 202 663 6311 (t)
+1 202 663 6363 (f)
jennifer.rimm@wilmerhale.com

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
CrottyNYSDChambers@nysd.uscourts.gov, Marlon_Ovalles@nysd.uscourts.gov

> Re: *Residents for Sane Trash Solutions, Inc., et al. v. U.S. Army Corps of Engineers, et al.*, No. 12 Civ. 8456 (PAC) ("Sane Trash")

Dear Judge Crotty:

    I write on behalf of the *Sane Trash* plaintiffs to respond to Assistant Corporation Counsel Carrie Noteboom's May 1, 2013 supplement to her April 26, 2013 letter regarding the City defendants' proposed motion for judgment on the pleadings with respect to plaintiffs' equal protection claims (the Fourth and Fifth Causes of Action).

    In its letter, the City contends that plaintiffs' equal protection claims are time-barred because plaintiffs were aware of, or should have been aware of, the City's siting decision when the East 91st Street MTS project received approvals in 2005 or 2006.

    The City is wrong. As an initial matter, the City could not proceed with the East 91st Street MTS project until it received approval for its Section 404 permit, which the United States Army Corps of Engineers granted on July 20, 2012. Before a definitive decision on the City's permit application was made, plaintiffs could not be certain whether any actual harm would result from the City's plan to build the proposed MTS at East 91st Street.

    Further, even if plaintiffs first learned of the City's hope to build the MTS at East 91st Street in 2005 or 2006, plaintiffs' equal protection claims are not time-barred because plaintiffs assert a continuing violation of their rights. *See Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (when plaintiff asserts an ongoing constitutional violation, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it") (citing *Gomes v. Avco Corp.*, 964 F.2d 1330, 1333 (2d Cir. 1992)); *see also S. Lyme Prop. Owners Ass'n, Inc. v. Town of Old Lyme*, 539 F. Supp. 2d 547, 556 (D. Conn. 2008); *Greene v. Town of Blooming Grove*, No. 87 Civ. 69, 1988 WL 126877, at *4 (S.D.N.Y. Nov. 21, 1988), *aff'd in part and rev'd in part on other grounds*, 879 F.2d 1061 (2d Cir. 1989); *Deepwells Estates Inc. v. Inc. Vill. of the Head of the Harbor*, 973 F.Supp. 338, 347 (E.D.N.Y. 1997). The

---

\* Not admitted in DC. Admitted only in NY. Practice supervised by members of the firm who are members of the DC bar.

The Honorable Paul A. Crotty
May 6, 2013
Page 2

courts in the cases relied upon by the City dismiss claims brought by plaintiffs seeking monetary damages for constitutional violations arising out of isolated incidents. Here, plaintiffs request declaratory and injunctive relief to end the City's ongoing failure to protect plaintiffs from the safety and health risks associated with living in close proximity to a commercial waste transfer facility, as other City residents are protected. These harms will result if the City is permitted to go forward with its plans to build the 91st Street MTS project in plaintiffs' backyards, and the injury to plaintiffs' rights will continue indefinitely. Plaintiffs will be deprived of their asserted constitutional rights every day that the City's decision to process commercial waste within 400 feet of a residential district remains in effect. It would make little sense to bar plaintiffs from challenging those injuries which are now imminent and will continue for years if not stopped, but have not yet been inflicted.

Respectfully submitted,

Jennifer Rimm

cc: Christopher K. Connolly, Esq.
    Carrie Noteboom, Esq.
    Jeffrey L. Braun, Esq.
    Karen L. Mintzer, Esq.
    Kerri B. Folb, Esq.