```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 15, 2013
```



| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **CARRIE NOTEBOOM**<br>Phone: 212-356-2319<br>Fax: 212-356-1148<br>E-mail: cnoteboo@law.nyc.gov |

July 9, 2013

**VIA EMAIL**
The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
CrottyNYSDChambers@nysd.uscourts.gov, Marlon_Ovalles@nysd.uscourts.gov

      Re:    *Residents for Sane Trash Solutions v. U.S. Army Corps of Engineers*, 12-cv-8456 (PAC), and *Kellner v. U.S. Army Corps of Engineers*, 12-cv-8458 (PAC)

Dear Judge Crotty:

      I write in response to Plaintiffs' letter dated July 8, 2013, which outlines the discovery they ask this Court to allow in these related cases. Plaintiffs' request for discovery should be denied. With respect to their APA claims, Plaintiffs cannot satisfy the strong showing required to supplement the administrative record, let alone to conduct the amorphous and wide ranging discovery into the various issues identified in their letter. The well established NEPA "record rule" typically allows supplementation of the administrative record only in limited circumstances, generally through the submission of affidavits and reports by the administrative agency, and does not generally permit discovery of the type Plaintiffs are seeking. *See, e.g.*, *Nat'l Audubon Society v. Hoffman*, 132 F.3d 7, 14-15 (2d Cir. 1997) ("Courts may conduct plenary review, and consider additional information obtained from the parties through affidavits or testimony, only when the administrative record is so inadequate as to prevent the reviewing court from effectively determining whether the agency considered all environmental consequences of its proposed action."). Moreover, given the limited standard of review governing both the NEPA and SEQRA claims, the additional discovery that Plaintiffs seek is not relevant to the legal issue before the Court, *i.e.*, whether the agencies' determinations to issue the permit and not to conduct additional environmental review of flooding risks, was reasonable and supported by the record. With respect to the non-APA claims alleged against the City, the City has proposed to move for judgment on the pleadings on those claims and believes discovery in advance of that motion is not warranted.

**1. Flooding.** Though Plaintiffs characterize this case as "highly unusual" because it involves a "major post-determination event," *i.e.*, Super Storm Sandy, this characterization ignores the record evidence demonstrating that both DSNY and the Army Corps were well aware that the MTS would be sited in a flood zone, and appropriately considered potential environmental impacts related to flooding as part of the original environmental review. *See, e.g.*, Administrative Record at 161-62 (Environmental Assessment addressing flood hazard issues). In addition, both agencies have provided Plaintiffs with material developed after the permit was issued documenting the reasons for their conclusion that no additional environmental review or permit modifications are required. *See* Administrative Record at 11414-11469; DSNY Technical Memorandum dated May 29, 2013. Plaintiffs may disagree with these determinations, but that is not a basis to engage in additional discovery on these issues. For purposes of their SEQRA claim against the City, the relevant legal question is whether DSNY's determination not to conduct a supplemental environmental review was arbitrary or capricious; that question can be answered on the basis of the existing record. Moreover, under state law, judicial review of SEQRA determinations is accomplished by means of a special proceeding under Article 78 of the CPLR and is meant to be expeditious and of a "summary nature." *Town of Pleasant Valley v. New York State Board of Real Property Services*, 253 A.D.2d 8, 15 (2d Dep't 1999).

**2. Alternatives and Equal Protection.** Plaintiffs are correct when they note that their equal protection claims are not subject to the APA and its limitations on discovery. However, as the City set forth in its prior letters to the Court dated April 26, 2013 and May 1, 2013, Plaintiffs' equal protection claims are barred by the statute of limitations and fail as a matter of law. Because these claims can be disposed of on the City's proposed 12(c) motion, without the need for further discovery, it would be premature and a waste of resources to engage in the type of wide-ranging discovery that Plaintiffs are seeking. Moreover, despite Plaintiffs' continued claim of ignorance of the basis for siting the MTS at East 91st Street, the reasons for the siting decision have been exhaustively set forth in public documents and decisions already available to Plaintiffs, including the City's Solid Waste Management Plan ("SWMP"),[1] the Final Environmental Impact Statement ("FEIS") issued in support of the SWMP,[2] and the siting determination made pursuant to the City's Uniform Land Use Review Procedures ("ULURP").[3]

**3. Completeness of the Record.** The administrative record served by the Army Corps of Engineers contains 11469 Bates-numbered pages covering the entire period from permit application to permit issuance, and beyond. Notwithstanding that the Army Corps has certified that it provided the administrative record upon which the Corps based its decisions to issue the permit for the MTS facility and to deny requests to reevaluate the issuance of the permit, Plaintiffs' letter states, apparently based on pure speculation, that the record "appears to us to be

---

[1] A copy of the SWMP is available at http://www.nyc.gov/html/dsny/html/swmp/swmp-4oct.shtml.

[2] A copy of the FEIS is available at http://www.nyc.gov/html/dsny/html/swmp/swmp-5apr-feis.shtml.

[3] A copy of the City Planning Commission's ULURP Resolution is available at http://www.nyc.gov/html/dcp/pdf/cpc/050173.pdf.

incomplete." This speculation regarding what they believe should be in the record is an insufficient basis to permit additional discovery. "Absent clear evidence to the contrary, a presumption exists that the agency has properly designated the administrative record." *New York v. Salazar*, 701 F.Supp.2d 224, 235 (N.D.N.Y. 2010); *cf. Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (limited discovery granted in case concerning transportation grants where record did not include "fundamental documents" that provide "the very basis for federal decision-making about mass transit grants"); *Natural Resources Defense Council v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (plaintiffs made a substantial showing, through affidavit specifying several omitted documents, that the Administrator had not filed the entire administrative record with the court).

Moreover, Plaintiffs' claim that the Corps' NEPA review was improperly constricted in scope is ultimately a legal question, which should be decided on the basis of the record as it exists and as certified by the Corps, not the theoretical record that Plaintiffs would prefer. The record demonstrates that the Army Corps thoroughly reviewed the potential impacts of the various project actions under its regulatory jurisdiction, *i.e.*, in-water demolition, construction and dredging activities; the construction of a barge fendering system and a pile supported transformer building; and barge staging. Contrary to Plaintiffs' claims, the Corps had no basis to re-review the operational impacts of the MTS under the guise of evaluating "upland impacts," and the fact that the record contains some references to these impacts does not change the proper legal scope of the Corps' review. The Corps' regulations make clear that NEPA review should only include upland elements of a project where "the district engineer has sufficient control and responsibility to warrant Federal review." 33 C.F.R. Part 325 Appx. B, 7(b)(1). Thus, there is no basis to permit discovery into the Corps' decision-making process or the "completeness" of the record.

**4. Asphalt Green.** Plaintiff Asphalt Green, Inc. has brought two causes of action asserting state common law claims in the *Kellner* case. As with Plaintiffs' equal protection claims, these claims are not subject to the limited discovery rules applicable to APA cases. However, the City has also proposed to address these claims in its 12(c) motion, as they are not sufficiently related to the federal claims in this proceeding so as to confer the Court with jurisdiction to hear them. They also fail as a matter of law. *See* City's prior letter dated April 26, 2013. Thus, as with Plaintiffs' equal protection claims, it would be premature and unnecessary to engage in discovery on these claims in advance of a decision on the City's motion for judgment on the pleadings.

Respectfully yours,

Carrie Noteboom
Assistant Corporation Counsel

cc:    All counsel (via email)