

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

July 10, 2013

**By E-Mail (crottynysdchambers@nysd.uscourts.gov;**
**marlon_ovalles@nysd.uscourts.gov)**
The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: July 15, 2013

Re:   *Residents for Sane Trash Solutions, Inc., et al. v.*
      *United States Army Corps of Engineers, et al.,*
      12 Civ. 8456 (PAC)

      *Kellner, et al. v. United States Army Corps of*
      *Engineers, et al.,* 12 Civ. 8458 (PAC)

Dear Judge Crotty:

This Office represents defendants the United States Army Corps of Engineers and Colonel Paul E. Owen (together, "USACE") in the above-referenced, related matters. We write in response to plaintiffs' letter dated July 8, 2013, which asks the Court to order discovery in these matters. Plaintiffs' discovery request should be denied.

Plaintiffs bring their claims against USACE pursuant to the Administrative Procedure Act ("APA"). Specifically, they challenge USACE's decision to issue a permit to defendant the New York City Department of Sanitation ("DSNY") relating to DSNY's construction of a marine transfer station ("MTS") along the East River at 91st Street. On June 14, 2013, USACE produced an 11,469-page certified administrative record consisting of the documents that were before the agency at the time it made its decisions to (1) issue the permit, and (2) deny subsequent requests to re-evaluate the issuance of the permit in light of Hurricane Sandy.

Plaintiffs' July 8 letter requests discovery from USACE on three issues. First, plaintiffs seek "communications . . . between the City and [DSNY] about" the City's recent proposals to modify the 91st Street MTS in light of Hurricane Sandy, as well as discovery concerning "the degree of consideration actually given by [DSNY] to these issues." Pls.' Ltr. at 2. Second, plaintiffs allege that the administrative record contains

"virtually no notes of meetings or telephone conversations with the city or other federal agencies, and very few internal memoranda," and they therefore seek discovery "as to the completeness of the record." *Id.* at 3. Third, plaintiffs seek discovery on what they characterize as a discrepancy between USACE's "interest[] in the operational impacts of the MTS" and its ultimate conclusion concerning the appropriate scope of its review of DSNY's permit application under the National Environmental Policy Act ("NEPA"). *Id.*

Plaintiffs are not entitled to the discovery they seek. It is well-established that in APA cases, judicial review is presumptively limited to the administrative record. *See* 5 U.S.C. § 706 (providing that APA review shall be based on a review of "the whole record or those parts of it cited by a party"); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (in an APA case, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court" (quoting *Camp v. Pitts*, 411 U.S. 138 (1973))); *Dopico v. Goldschmidt*, 687 F.2d 644, 654 (2d Cir. 1982) (APA review must be based on the "facts . . . before the agency at the time it acted"). In light of this "record rule," courts generally should consider extra-record evidence only where there is "a strong showing of bad faith or improper behavior" on the part of the agency in assembling the record. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14-15 (2d Cir. 1997); *Community for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997-98 (D.C. Cir. 1990). Indeed, given the "presumption of administrative regularity" afforded to agency actions, a "court assumes that the agency properly designated the Administrative Record absent clear evidence to the contrary." *Bar MK Ranches v. Yeutter*, 994 F.2d 735, 740 (10th Cir. 1993).

Furthermore, although courts have recognized the need for occasional supplementation of the record in APA cases that implicate NEPA, such supplementation is "limited" and is appropriate "only when the administrative record is so inadequate as to prevent the reviewing court from effectively determining whether the agency considered all environmental consequences of its proposed action." *Hoffman*, 132 F.3d at 15; *see also Preservation Coalition of Erie Cnty. v. Fed. Transit Admin.*, 129 F. Supp. 2d 538, 544 (W.D.N.Y. 2000) ("The record compiled by the agency will often be sufficient for the court to make this determination.").

Plaintiffs' letter comes nowhere near meeting the high threshold for obtaining discovery in an APA case. Plaintiffs offer no evidence of bad faith or improper behavior on the part of USACE in compiling the record. *See Overton Park*, 401 U.S. at 420. Instead, they rely on their speculative claim that the record "appears to us to be incomplete." Ltr. at 3. Such speculation, however, falls well short of the circumstances in which courts have ordered discovery in APA cases. *See Dopico*, 687 F.2d at 654 (ordering discovery because it was "inconceivable" that "fundamental documents—the very basis for federal decision-making about mass transit grants," would be missing from the record); *Pension Benefit Guar. Corp. v. LTV Steel Corp.*, 119 F.R.D. 339, 342 (S.D.N.Y. 1988) (ordering discovery based on "the unusual circumstances of this case and in view of the relatively small number of PBGC generated documents in the

administrative record"); *Water Supply & Storage Co. v. U.S. Dep't of Agric.*, Civil Action No. 11–cv–02896–JLK, 2012 WL 6761907, at *1-*2 (D. Colo. Nov. 15, 2012) (pointing to specific evidence of missing meeting minutes, and evidence that some of those minutes might have been deliberately withheld).

Moreover, plaintiffs' requests for discovery concerning the extent to which USACE considered certain issues and how it reached certain conclusions amount to an inappropriate attempt "to probe the mental processes of the decision-makers." *Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457-58 (D.C. Cir. 1994); *Overton Park*, 401 U.S. at 420 ("such inquiry into the mental processes of administrative decisionmakers is usually to be avoided"). Plaintiffs may disagree with USACE's conclusions, but those disagreements do not raise fact questions to be addressed through discovery. Instead, they raise legal questions to be resolved on summary judgment—and plaintiffs have failed to show that the administrative record is so inadequate as to preclude this Court's review of USACE's actions following briefing by the parties. *Hoffman*, 132 F.3d at 15; *see also Florida Power & Light*, 470 U.S. at 743-44 ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court.").

Finally, even if the Court were to conclude that plaintiffs were entitled to some supplementation of the administrative record, the broad-ranging discovery they appear to seek would still be improper. "[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course . . . is to remand to the agency for additional investigation or explanation." *State of New York v. Shalala*, 21 F.3d 485, 493 (2d Cir. 1994) (quoting *Florida Power & Light*, 470 U.S. at 744)); *see also Brodsky v. U.S. Nuclear Regulatory Comm'n*, 704 F.3d 113, 124 (2d Cir. 2013). Accordingly, plaintiffs' request for discovery should be denied.

We thank the Court for its consideration of this letter.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:

CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2761
Fax: (212) 637-2786
E-mail: christopher.connolly@usdoj.gov

cc:   *All counsel* (by e-mail)