# WILMERHALE

January 24, 2014

**By ECF**

Scott Bernstein

+1 202 663 6764 (t)
+1 202 663 6363 (f)
scott.bernstein@wilmerhale.com

The Honorable Paul A. Crotty
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Chambers 1350
New York, NY 10007-1312

Re: *Residents for Sane Trash Solutions v. U.S. Army Corps of Eng'rs*, No. 12 Civ. 8456 (PAC)
*Kellner v. U.S. Army Corps of Eng'rs*, No. 12 Civ. 8458 (PAC)

Dear Judge Crotty:

I write on behalf of the plaintiffs in the above-captioned matters to request that the Court disregard the City Defendants' last-minute submission of new evidence in support of their motion for summary judgment. The Declaration of Harvey Brodsky, attached to the City Defendants' reply brief (Dkt. No. 74 (Case No. 12 Civ. 8456); Dkt. No. 85 (Case No. 12 Civ. 8458)) purports to explain how the configuration of the 91st Street MTS's waste containerization process will not lead to loose waste on the floor of the facility.

This belated attempt to supplement the information under the Court's review only underscores the inadequacy and incompleteness of the record, and it illustrates the carelessness with which Defendants reviewed the environmental impact of flooding at the 91st Street MTS. The fact that this declaration was submitted at all highlights the complete failure of the Corps to investigate the flood hazards posed by the 91st Street MTS. It is undisputed that, prior to the issuance of the Permit, DSNY misrepresented to the Corps where trash would be containerized in the 91st Street MTS.[1] The Corps concluded that the facility would not pose a flood risk "[b]ased on this information."[2] And Defendants clearly contemplated that loose waste would not be located on the pier level, which would have flooded during Superstorm Sandy, because that level would contain only empty or sealed containers of trash.[3] If, as Mr. Brodsky asserts, DSNY submitted other materials that contradict its prior representations and the Corps' understanding, it was the Corps' obligation to take a "hard look" at the matter. The City Defendants cannot redeem the Corps' failure to perform its duty by putting forth, at the eleventh hour, new evidence that was not relied upon in the Corps' Environmental Assessment (USACE 161-62).

At bottom, this belated submission does not and cannot retroactively cure the Corps' failure to conduct the requisite environmental review of the 91st Street MTS's flood hazards.

---

[1] *See* USACE 161 (describing the "loading level" as "where the waste is loaded into sealed containers"); Corps Mem. at 24.
[2] Corps Mem. at 24; Corps Opp. Mem. at 17.
[3] *See id.*; USACE 11419; May 29, 2013 DSNY Mem. at 2; Conf. Tr. 17:23-18:3, July 10, 2013.

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

Further, while the Brodsky reply declaration purports to address the issue of loose garbage on the pier level, it in no way addresses the fundamental problem of the insufficiency of the measures proposed by DSNY to protect the MTS and its critical equipment from flooding.

Respectfully submitted,

Scott Bernstein

cc: All Counsel of Record (via ECF)