

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **JEFFREY D. FRIEDLANDER**<br>*Acting Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **CARRIE NOTEBOOM**<br>Phone: 212-356-2319<br>Fax: 212-356-1148<br>E-mail: cnoteboo@law.nyc.gov |

January 27, 2014

**VIA ECF**
The Honorable Paul A. Crotty
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Residents for Sane Trash Solutions v. U.S. Army Corps of Engineers*, 12-cv-8456 (PAC)

Dear Judge Crotty:

      I write in response to Plaintiffs' letter of January 24, 2014, which objects to the City's submission of a reply Declaration from Harvey Brodsky, P.E., dated January 21, 2014 (*RSTS* Docket No. 74) with its reply papers. The City's submission was proper, as it responds directly to (erroneous) arguments that Plaintiffs made in their memorandum of law in opposition to the City's motion for summary judgment, dated December 23, 2013 (*RSTS* Docket No. 68) ("*RSTS* Opp. Br."). Specifically, in their opposition brief, Plaintiffs argued that the City's October 2013 correction to the DSNY Technical Memorandum, which was made on the City's initiative with notice to all parties and to this Court, constituted a "dispositive admission that loose garbage at the MTS will be exposed to flooding." *RSTS* Opp. Br. at 4-6 (Point I.A). The City was entitled to respond to this argument, and did so with a brief reply Declaration that points to extensive record evidence clearly describing the facility's design and the location of the container sealing operations. *See* Brodsky Reply Decl. ¶¶ 4-6 (citing SWMP at 3-9, DSNY Permit Application at Section 2.2 (USACE 4366-68), & FEIS at 2-7 to 2-8). Mr. Brodsky also provided some additional details on the waste containerization process (which was part of the facility's original design, and has not changed) in order to directly refute Plaintiffs' mistaken contention that loose waste will be present on the MTS's pier level and would be exposed to flood waters during a potential flooding event. *See* Brodsky Reply Decl. ¶¶ 5-6 & Exhibit A (MTS design drawing dated 2010). Thus, the Court should reject Plaintiffs' request to disregard the City's reply Declaration.

Furthermore, Plaintiffs' letter improperly seeks to bolster their argument that the City misled the Corps regarding the facility's design, that the Corps misunderstood the MTS's design, and that there will be loose garbage on the pier level of the MTS.  As noted in the City's reply brief, DSNY's permit application to the Corps clearly and correctly describes the location of all waste processing and containerization activities in the MTS.  *See* City Reply Br. at 12-14.  The permit application specifies that waste will be pushed "into loading slots located over open-top containers," which "would be mounted on shuttle cars that would move on tracks at the pier level of the building, located 16 feet below the loading floor."  USACE 4367.  Similar information was also set forth in the SWMP (at 3-9) and the FEIS (at 2-7 to 2-8), which were also submitted to the Corps as part of DSNY's permit application.  *See* disk labeled USACE 11470.  Thus, Plaintiffs' suggestion that "prior to issuance of the Permit, DSNY misrepresented to the Corps where trash would be containerized in the 91st Street MTS" is flatly contradicted by the record, and should be disregarded by this Court.

Respectfully submitted,

/s/ *Carrie Noteboom*
Carrie Noteboom
Assistant Corporation Counsel

cc:     All counsel (via ECF)